No. 245 April 1, 2026 157

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHANCE COREY LEE STWYER,
*Defendant-Appellant.*

Jefferson County Circuit Court
23CR08973; A187332

Annette C. Hillman, Judge.

Submitted February 13, 2026.

Frances J. Gray filed the brief for appellant.

Lauren P. Robertson, Assistant Attorney General, waived appearance for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Defendant appeals from a judgment of conviction entered after defendant plead guilty to first-degree manslaughter. Appointed counsel filed a brief pursuant to ORAP 5.90 and *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991). The brief does not contain a Section B. *See* ORAP 5.90(1)(b). We affirm.[1]

Defendant was indicted for second-degree murder, two counts of unlawful use of a weapon with a firearm and recklessly endangering another person in connection with a shooting. Following a settlement conference, defendant agreed to plead guilty to first-degree manslaughter in exchange for dismissal of the remaining charges and a stipulated sentence of 170 months' incarceration. The trial court accepted the plea and entered an amended judgment reflecting the parties' agreed-upon disposition and sentence.

Having reviewed the record, including the trial court file, the transcript of the hearings, and the *Balfour* brief, and taking into account our statutorily circumscribed authority to review, *see* ORS 138.105(5) ("The appellate court has no authority to review the validity of the defendant's plea of guilty or no contest, or a conviction based on the defendant's plea of guilty or no contest[.]"); ORS 138.105(9) ("The appellate court has no authority to review any part of a sentence resulting from a stipulated sentencing agreement between the state and the defendant."), we have identified no arguably meritorious issues.

Affirmed.

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel.